Dear Mr. Newell:
You have requested that this Office advise whether or not the Claiborne Parish Fire District No. 6 may build a new fire station in which the building would be larger than necessary in order to lease the excess area of the building to the United States Postal Service for the purpose of serving as the community's post office. You also ask whether Claiborne Parish Fire District No. 6 (referred herein as "Fire District") would be able to lease the building to the United States Postal Service without going through the public bid process.
Initially, it is important to note that your opinion request presents a scenario in which a new fire station is going to be built regardless of whether the building simply serves as a fire station or a fire station and a post office. Thus, the question is whether the Fire District may build a building large enough to house the post office and then, in turn, lease that space to the United States Postal Service. Inherent in this question is whether this scenario is an acceptable expenditure of public funds.
The Louisiana Constitution, Article VI § 23, mandates that "political subdivisions may acquire property for any public purpose by purchase, donation, expropriation, exchange, or otherwise." The key words of this Article are the words "public purpose". The term "public purpose" has been discussed in many Louisiana Attorney General Opinions, but is succinctly summed up in La. Atty. Gen. Op. No. 78-1260. That opinion states:
 Our courts have generally given a broad interpretation to the term "public purpose". The Supreme Court in State v. Wilson Co., 154 So. 636(1934) said that a public purpose is "such a purpose as redounds to the public welfare." In earlier opinions, our office has *Page 2 
held that construction of roads is considered a public purpose; a program designed to improve streets of an area serves a public purpose; and that a non-profit organization, which does work among the poor and needy serves a public purpose. See opinions of the Attorney General Numbers 77-1023, 76-57 and 76-1805.
Further, Article VII § 14(C) authorizes "Cooperative Endeavors". That article states, "[F]or a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavor agreements with each other, with the United States or its agencies, or with any public or private association corporation, or individual." Additionally, section 14(C) requires that, prior to the expenditure of public funds a determination must be made that a public purpose will be served by such expenditure. See La. Atty. Gen. Op. No. 78-1260.
In keeping with the line of reasoning set forth in State v.Wilson Co.. it is indisputable that a post office "redounds to the public welfare." A post office, by its very nature, is public. Being that a post office is inherently public and is operated by the United States Postal Service, a United States agency, the Louisiana Constitution Article VII § 14(C) allows for the Fire District to enter into a cooperative endeavor agreement to lease part of the new building. Therefore, it is the opinion of this Office that pursuant to Article VII § 14(C), the Fire District may use public funds to build the fire house and the Fire District may enter into a cooperative endeavor agreement to lease a portion of fire house to the United States Postal Service for the purpose of housing a post office.
This Office would be remiss in not mentioning La. Atty. Gen. Op. Nos. 77-596, 01-45, and 07-0033. Those opinions center on scenarios where various public entities wanted to purchase surplus property but were prohibited from doing so because the purposes for which they were purchasing the surplus property were not public in nature. Please be mindful that should the factual scenario of the present opinion request vary even slightly, then the "public purpose" standard may not apply to your scenario and the above-mentioned opinions, which reach a different result than the one herein, would likely be properly applied to your current inquiry. In other words, if a public entity or political subdivision is going to purchase surplus property then it should not purchase surplus property where the "public purpose" may be questionable or dubious. This Office recommends that the public entity or political subdivision not leave any question as to whether there is a "public purpose" for the property before that public entity or political subdivision purchases the surplus property.
The second question that you requested this Office to answer is: whether the Fire District would be able to lease the building to the United States Postal Service without going through the public bid process? Louisiana Revised Statutes 41:1291 states: *Page 3 
 "Any political subdivision or agency of the state of Louisiana is hereby authorized, without advertisement for bids, to lease for any legitimate purpose [. . .] to or from any other political subdivision, the state of Louisiana or any agency thereof, or the United States of America or any agency thereof, any public lands and improvements thereon of which it has title, custody, and possession."
Thus, it is also our opinion that pursuant to La.R.S. 41:1291 the additional space in the fire house may be leased to the United States Postal Service without going through the public bid process subject to adequate consideration (i.e. market rate) being received by the Fire District.
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ JACKSON D. LOGAN, III Assistant Attorney General
 JDC/JDLIII/ard